FRANK D. UPCHURCH, Jr., Judge.
Appellants appeal from a summary final judgment holding that Marion County Ordinance 82-22 is unconstitutional. This ordinance, which was enacted on November 9, 1982, by the Board of County Commissioners, following approval in a referendum, provides as follows:
AN ORDINANCE PROVIDING FOR AN ADDITIONAL ONE CENT TAX UPON EVERY GALLON OF MOTOR FUEL AND SPECIAL FUEL SOLD IN MARION COUNTY; PROVIDING FOR AN ADDITIONAL ONE CENT TAX UPON EVERY GALLON OF MOTOR FUEL AND SPECIAL FUEL SOLD IN MARION COUNTY; PROVIDING FOR THE PERIOD OF TIME SAID ADDITIONAL TAX ON MOTOR FUEL AND SPECIAL FUEL IS TO BE IN EFFECT; PROVIDING FOR A SEVERABILITY CLAUSE; AND PROVIDING FOR AN EFFECTIVE DATE.
BE IT ORDAINED by the Board of County Commissioners of Marion County, Florida, that:
SECTION I: ESTABLISHMENT OF AN ADDITIONAL ONE CENT TAX UPON EVERY GALLON OF MOTOR FUEL AND SPECIAL FUEL SOLD IN MARION COUNTY.
A one cent tax upon every gallon of motor fuel and special fuel sold in Marion County is hereby imposed in addition to other taxes required by law for the purpose of paying the cost of acquisition, construction, reconstruction, maintenance, and drainage of roads and streets. SECTION II: ESTABLISHMENT OF TIME PERIOD ADDITIONAL ONE CENT TAX SHALL BE IN EFFECT The additional one cent tax upon every gallon of motor fuel and special fuel sold in Marion County as established in Section I above shall remain in effect for a period not to exceed ten (10) years from the effective date of this ordinance. A cap of .25 mills of ad valorem taxes for the County Transportation Trust Fund shall be in effect during the period for *301 which the additional one cent tax upon every gallon of motor fuel and special fuel sold in Marion County remains in effect.
The ordinance included a severability clause and was to become effective on January 1, 1983. It was enacted pursuant to section 336.021, Florida Statutes (1981), which permits counties, subject to a referendum, to impose a one cent gas tax on fuel sold in the county for the purpose of constructing and maintaining roads and streets.
On November 10,1982, appellee McKeever sued for declaratory and injunctive relief claiming that the ordinance is unconstitutional because, among other things, appellant Board improperly imposed a limit on the millage which may be levied for the County Transportation Trust Fund (CTTF) in future years. The trial court agreed and entered summary judgment against appellants.
We conclude that the trial court was correct and that the Board acted unconstitutionally in imposing the millage cap on ad valorem taxes for a period of up to ten years.
Marion County is a non-charter county, which under Article VIII, section 1(f), Florida Constitution, has “such power of self-government as is provided by general or special law” and may enact “county ordinances not inconsistent with general or special law.” In Speer v. Olson, 367 So.2d 207 (Fla.1978), however, the supreme court, in considering the powers of non-charter counties in light of section 125.01, Florida Statutes,[1] observed:
The first sentence of section 125.01(1), Florida Statutes (1975), grants to the governing body of a county the full power to carry on county government. Unless the legislature has pre-empted a particular subject relating to county government by either general or special law, the county governing body, by reason of this sentence, has full authority to act through the exercise of home rule power.
367 So.2d at 211.
Therefore, in the instant case, Marion County had the power to enact Ordinance 82-22 so long as it is not inconsistent with general or special law.[2] The trial court found that the ordinance (or more particularly the millage cap) was in conflict with general law regarding the formation of county budgets (Chapter 129, Florida Statutes (1981)) and the determination of ad valorem tax millages (Chapter 200, Florida Statutes (1981)). The court further found that because the millage cap would be effective for ten years, it would impermissibly bind successor commissions with respect to the taxing power.
An ordinance is inconsistent or conflicts with general law if the ordinance and the legislative provision cannot co-exist. Board of County Commissioners of Dade County v. Wilson, 386 So.2d 556 (Fla.1980). In that case, the supreme court found that an ordinance which would set Dade County’s millage rate through the initiative process was in direct conflict with section 200.191, Florida Statutes which provided the exclusive manner for setting county-wide millage rates. The instant case differs in that here we deal with a millage cap (of a ten-year duration) applicable to one of the county’s funds, the County Transportation Trust Fund, as opposed to a provision setting the county millage at a certain rate.
Chapter 129, Florida Statutes, establishes a budget system for county governments and mandates that the county commission prepare, approve, adopt and execute “for each fiscal year” an annual budget “for such funds as may be required by law or by sound financial practices and generally accepted accounting principles.” § 129.01(1), Fla.Stat. This budget controls “the levy of *302 taxes and the expenditure of money for all county purposes during the ensuing fiscal year.” Id.
Section 129.011(1), which permits consolidation of separate budgetary funds into a single general fund, contains the following exception for the County Transportation Trust Fund:
[T]he road and bridge tax shall be levied under s.336.59 and all revenue and expenditures of the county transportation trust fund established pursuant to s.339.-083 shall be shown as a separate budgetary fund.
Section 129.02(2) provides in relevant part that:
The County Transportation Trust Fund budget shall contain an estimate of receipts by source ... and an itemized estimate of expenditures that need to be incurred to carry on all work on roads and bridges in the county....
Finally, chapter 129 requires that the county, in preparing its tentative budgets, estimate for each budget the proposed tax millages, balances, reserves, receipts and expenditures. After the tentative budget has been prepared, the county must advertise and hold public hearings thereon prior to adoption. §§ 129.03(3); 200.065(2)(d), Fla.Stat. (1981). There is, however, currently no specific requirement in chapter 129 that the Board annually set the millage rate for the County Transportation Trust Fund.[3]
Chapter 200, entitled “Determination of Millage” provides that the county commission “shall determine the amount to be raised for all county purposes” and “the rates to be levied for each fund.” § 200.-011, Fla.Stat. (1981). One of these funds is the County Transportation Trust Fund which each county is required to establish and maintain and which is solely for transportation related revenues and expenditures. § 339.083(1), Fla.Stat. (1981). Chapter 336, Florida Statutes, requires that the commission levy a tax “on all property in their county each year for road and bridge purposes,” § 336.59, Fla.Stat. (1981),[4] and these proceeds must be included in the Trust Fund. 1979 Op.Att’y Gen. Fla. 79-41.
Under section 200.065(2), Florida Statutes (1981), following preparation of a tentative budget, “each taxing authority shall compute a proposed millage rate necessary to fund the tentative budget.” Thereafter, “the governing body of each taxing authority shall hold a public hearing on the tentative budget and proposed millage rate.” After adopting a tentative budget, the taxing authority must give notice of its intent to finally adopt a millage rate and budget and after an opportunity to be heard is provided to the citizenry, may adopt a resolution or ordinance finally setting the millage rate.
We believe that this statutory scheme contemplates the annual preparation and adoption of a budget and the fixing of millage rates. § 129.01(1), Fla.Stat. (1981). The county commission is required to annually “determine the amount to be raised for all county purposes” and “the rates to be levied for each fund,” section 200.011, including the County Transportation Trust Fund. To conclude otherwise would allow one county commission to conceivably bind future commissions in the exercise of their prerogative under the state constitution to levy a millage of up to ten mills for all county purposes. Art. VII, § 9(b), Fla.Const. The instant case provides a perfect example of this danger. Marion County has by referendum, obtained the approval of voters to place a ten-year cap on the millage rate for the Transportation Trust Fund. In order for a future commission to levy a millage for the Fund in excess of the cap, it would have to ask the voters to repeal the cap. Should the voters reject such a request, the commission *303 not only would find its prerogative under the state constitution curtailed but it could face serious problems in financing necessary road improvements and maintenance. We think that the principle set out in Straughn v. Camp, 293 So.2d 689 (Fla.1974), to the effect that one legislative body cannot bind its successors with respect to the exercise of the taxing power, applies here and requires invalidation of the millage cap.[5]
The county argues that the voters of Marion County could have adopted the millage cap as an exercise of their sovereign power. However, the mere fact that the voters approved the cap is of little relevance since if it conflicts with general law, it cannot stand. See Board of County Commissioners of Dade County v. Wilson (electors of Dade County could not adopt ordinance fixing millage rate where such procedure would conflict with general law).
Finally, we conclude that the sever-ability clause cannot save this enactment. The voters approved Ordinance 82-22 as it was presented to them. The County cannot retain the “stick” (the fuel tax) if the voters are forced to give up the “carrot” (the millage cap on property taxes).
AFFIRMED.
ORFINGER, C.J., and DAUKSCH, J., concur.

. Section 125.01(1), provides that:
The legislative and governing body of a county shall have the power to carry on county government. To the extent not inconsistent with general or special law, this power shall include, but shall not be restricted to, the power to...

. Neither party contends that there is any special law applicable here which would be inconsistent with the ordinance.

. Section 129.05, Florida Statutes (1979), which was repealed in 1980, had provided that “after the final adoption of the budget for each fund, the board shall proceed to fix the millage rate for each fund as provided by law.”

. See City of Orlando v. County of Orange, 276 So.2d 41 (Fla. 1973) (holding that this levy is mandatory but noting that the legislature has not set any minimum millage for this purpose).

. The county’s argument on this point would actually be strengthened if this case did not involve a referendum since then a future commission could merely vote to rescind the ordinance should events in the future warrant such action. See Alterman Transport Lines, Inc. v. State, 405 So.2d 456, 460 (Fla. 1st DCA 1981).