Mr. Larry M. Haag County Attorney Citrus County 110 North Apopka Avenue Inverness, Florida 32650
Dear Mr. Haag:
This is in response to your request for an opinion on the following question:
 WHETHER A NONCHARTER COUNTY HAS THE POWER TO ADOPT AN ANIMAL CONTROL ORDINANCE WHICH, BY ITS TERMS, ENABLES A COUNTY ANIMAL CONTROL OFFICER TO ISSUE CITATIONS AND/OR SUMMONSES TO APPEAR IN COURT TO PERSONS FOUND VIOLATING SAID ORDINANCE?
Section 5(c), Art. II, State Const., provides that "[t]he powers, duties, compensation and method of payment of state and county officers shall be fixed by law." A "county animal control officer" possessed of the power of arrest and the power to issue and serve citations and notices or summonses to appear in state court — who, in other words, is exercising a portion of the sovereign power of the state — would be an officer of the county. See, e.g., Dade County v. State, 116 So. 72 (Fla. 1928) (every "office," in the constitutional meaning of the word, implies the authority to exercise some portion of the sovereign power in making, executing, or administering the law). See also, State v. Jones, 84 So. 84
(Fla. 1920); State v. Sheats, 83 So. 508 (Fla. 1919). Compare, State ex rel. Watson v. Hurlbert, 20 So.2d 693 (Fla. 1945), which held that a special law providing for the employment of a county detective by a board of county commissioners, to be appointed by the Governor, and conferring on such detective the same powers of arrest and of summoning witnesses in behalf of the state in criminal cases as the sheriffs of the several counties created an "office," not an employment.
The term "by law" as used in the State Constitution means a statute adopted by both houses of the Legislature. See, Advisory Opinion to Governor, 22 So.2d 398 (Fla. 1945). An "animal control ordinance" adopted by the board of county commissioners of a noncharter county is not a "law" within the meaning of s 5(c) of Art. II, and therefore, such ordinance cannot validly confer upon or vest in any person the power or duty to arrest or the power to issue and serve citations or notices to appear or summonses to appear in or before the state courts. Neither s 125.01, F.S., nor any other statute drawn to my attention, delegates the power to or authorizes a noncharter county to create any county office or to confer such powers or duties upon or appoint such officers by county ordinance.
Therefore, in light of s 5(c) of Art. II, State Const., the power to create offices or to vest in any such officer the authority to arrest for violations of state laws or county ordinances and to issue and serve notices to appear or summonses to appear in or before the courts of this state does not appear to be included within the powers delegated to noncharter counties by s 125.01(1), F.S. A noncharter county does not derive any authority from s 1(f), Art. VIII, State Const., or s 125.01, F.S., to empower by ordinance a "county animal control officer" to issue citations or summonses to appear in state courts for violations of that ordinance.
In Speer v. Olson, 367 So.2d 207, 211 (Fla. 1978), the Florida Supreme Court, in construing s 125.01, F.S., held that the first sentence of s 125.01(1), which provides that "the legislative and governing body of a county shall have the power to carry on county government," grants to the governing body of a county the full power to carry on county government, and that unless the Legislature has preempted a particular subject relating to county government by either general or special law, the county governing body, by reason of the first sentence of s 125.01(1), has full authority to act through the exercise of its home rule powers. However, I do not perceive that the arrest power or the power to issue and serve the process of the state courts is embraced within or derived from the power of self-government granted by s 1(f) of Art. VIII, State Const., or s 125.01, F.S., as construed in Speer v. Olson, supra. The issuance and the service of the process in question is controlled by ss 901.27 — 901.32, 901.09, 901.10 and48.011 — 48.021, F.S. A noncharter county possesses no home rule power to enact any ordinances providing for the issuance and service of such process inconsistent or in conflict with these statutes. See, Board of County Commissioners of Marion County v. McKeever, 436 So.2d 299 (5 D.C.A. Fla., 1983); Campbell v. Monroe County, 426 So.2d 1158 (3 D.C.A. Fla., 1983); City of Miami Beach v. Rocio Corp., 404 So.2d 1066 (3 D.C.A. Fla., 1981); pet. for rev. den., 408 So.2d 1092 (Fla. 1981). Cf., Board of County Commissioners of Dade County v. Wilson, 386 So.2d 556 (Fla. 1980).
It is therefore my opinion that the board of county commissioners of a noncharter county is not empowered to enact an ordinance creating any county office or conferring upon or vesting in any person the power or duty to arrest or the power to issue and serve citations or notices to appear or summonses to appear in or before the courts of this state for violations of a county animal control ordinance.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General