Mr. Les W. Burke County Attorney Bay County Post Office Box 70 Panama City, Florida 32402 Attention: Mr. Nevin J. Zimmerman Assistant County Attorney
Dear Mr. Burke:
This is in response to your request, in your capacity as County Attorney, for an opinion on substantially the following question:
 DOES BAY COUNTY, A NONCHARTER COUNTY, HAVE AUTHORITY TO ENACT AN ORDINANCE REQUIRING THAT ALL OYSTERS HARVESTED FROM BAY COUNTY WATERS BE PROCESSED WITHIN THAT COUNTY AND THAT NO OYSTERS BE TRANSPORTED OUT OF BAY COUNTY IN ANY VEHICLE, EXCEPT IN REFRIGERATED CONTAINERS?
Your letter of inquiry notes your concern that such an ordinance would contravene state law, specifically ss. 370.102 and 370.071, F.S. (as amended by s. 5, Ch. 86-240, Laws of Florida) and s. 2, Ch. 80-52, Laws of Florida. For the following reasons, it is my opinion that the authority of Bay County to enact such an ordinance is circumscribed by statute, specifically by s. 370.102, as amended, and s. 2, Ch. 80-52, Laws of Florida.
Noncharter counties, such as Bay County, "have such power of self-government as is provided by general or special law. The board of county commissioners of a county not operating under a charter may enact, in a manner prescribed by general law, county ordinances not inconsistent with general or special law. . . ." (e.s.) Section 1(f), Art. VIII, State Const.
Similarly, s. 125.01(1), F.S., provides:
 The legislative and governing body of a county shall have the power to carry on county government. To the extent not inconsistent with general or special law, this power includes, but is not restricted to, the power to:
* * *
 (w) Perform any acts not inconsistent with law, which acts are in the common interest of the people of the county,. . . . (e.s.)
See also, s. 125.01(3)(b); AGO 78-131; Speer v. Olson,367 So.2d 207 (Fla. 1978).
However, s. 370.102, F.S., expressly provides:
 The power to regulate the taking or possession of saltwater fish, as defined in s. 370.01, [see, s. 370.01(2) defining "saltwater fish" to include shellfish] is expressly reserved to the state. (e.s.)
Accord, s. 125.01(4), F.S., providing that "[t]he legislative and governing body of a county shall not have the power to regulate the taking or possession of saltwater fish, as defined in s. 370.01, with respect to the method of taking, size, number, season, or species." See also, s. 370.071(1), F.S., as amended by Ch. 86-240, Laws of Florida, providing:
Seafood processors; regulation
 The Department of Natural Resources is authorized to adopt by rule regulations, specifications, and codes relating to sanitary practices for catching, handling, processing, packaging, preserving, canning, smoking, and storing oysters, clams, mussels, and crabs. (e.s.)
 This office has previously stated that in order for a county to regulate in a particular area, the subject matter of such regulatory restrictions cannot be a matter preempted to the state and such local regulations may not conflict with any state law on the subject. See, e.g., AGO's 84-42, 83-67 and 81-48; and see, Board of County Commissioners of Marion County v. McKeever, 436 So.2d 299 (5 D.C.A.Fla., 1983); Campbell v. Monroe County, 426 So.2d 1158 (3 D.C.A.Fla., 1983) (ordinance must not conflict with any controlling provisions of a state statute and if any doubt exists, doubt is to be resolved against the ordinance in favor of the statute); City of Miami Beach v. Rocio Corp., 404 So.2d 1066
(3 D.C.A.Fla., 1981), pet. rev. den., 408 So.2d 1092
(Fla. 1981). In AGO 82-74 this office, relying on the express provisions of s. 370.102, F.S., which reserved the power to regulate the taking or possession of saltwater fish to the state, concluded that a municipality was without the authority to regulate saltwater fishing which takes place on the beach below the mean high water line of the Gulf of Mexico. Accord, AGO's 75-167 and 74-161 (regulation of saltwater fishing preempted to state and municipality has no authority to regulate taking or possession of saltwater fish). And see, AGO 75-213, concluding that, to the extent ordinances of Metropolitan Dade County attempt to subject the taking or possession of saltwater fish, as defined in s. 370.01, F.S., to county regulation, said ordinance has been repealed by Ch. 73-208, Laws of Florida, and the county commission is prohibited from adopting such a regulation, except as provided in Ch. 73-208, Laws of Florida. (Section 1, Ch. 73-208, enacted into law s. 370.102; s. 2, Ch. 73-208 amended s. 125.01[4] so that it contains a prohibition similar to that in s. 370.102.) In addition, it is the position of the Department of Natural Resources that s. 370.102 preempts regulation of shellfish handling and processing to the state. See, Letter to Franklin County from Department of Natural Resources General Counsel, dated September 19, 1986, on this subject. As the construction of the statute by the agency charged with its enforcement, that interpretation is entitled to due deference unless clearly erroneous. See, AGO 85-102 and authorities cited therein. Counsel for the Department of Natural Resources has stated to this office that the department has consistently interpreted s. 370.102, as preempting such matters to the state. In view of the express language of ss. 125.01(4) and 370.171, as amended, read in pari materia with ss. 370.102 and 370.16, F.S., as amended by Ch. 86-240, Laws of Florida, it appears that the regulation of shellfish processing and handling is preempted to the state.
Moreover, insofar as Bay County is concerned, the provisions of s. 2, Ch. 80-52, Laws of Florida, creating subsection (40)[1] to s. 370.16, seem to control:
(40) TRANSPORT OF OYSTERS FOR COMMERCIAL USE. —
 (a) No oysters for commercial use may be transported except over water unless they have first been passed through a certified oyster house, except that oysters may be unloaded and transported over land to a certified oyster house under a permit issued by the Department of Natural Resources. Rules governing the issuance and revocation of this permit shall be promulgated by the department. No such permit shall be issued nor shall it be valid for distances greater than 75 miles from the origin of the overland trip.
 (b) No oysters for commercial use shall be transported more than 75 miles unless they have been passed through a certified oyster house, are bagged and tagged according to rules promulgated by the department, and are immediately and continuously refrigerated mechanically at temperatures of 45a F. or lower. (e.s.)
 (c) All oysters for commercial use, if they are to be sold in the shell, shall be stored under mechanical refrigeration at temperatures not to exceed 45a F., except in wet storage facilities as approved by the Department of Natural Resources.
Note especially paragraph (b) of subsection (40), allowing transport of oysters for commercial use up to 75 miles from the water, and without refrigeration, prior to processing at a certified oyster house. The provisions of the proposed ordinance, which your letter describes, conflict with the express terms of subsection 40(b) contained in Ch. 80-52. Cf., City of Miami Beach v. Rocio Corp., supra, (ordinance cannot forbid what Legislature has authorized, nor authorize what Legislature has forbidden).
In view of the preemption of such regulatory matters to the state by s. 370.102, F.S., as well as the inherent conflict between the provisions of Ch. 80-52, Laws of Florida, cited above, and the terms of the proposed ordinance, it is my view that Bay County does not have authority to enact an ordinance requiring oysters to be processed or handled within the county and in a particular way.
In summary, it is my opinion, in view of the express terms of ss.125.01(4) and 370.102, F.S., and ss. 370.071 and 370.16, F.S., as amended by Ch. 86-240, Laws of Florida, that the regulation of shellfish handling and processing is preempted to the state; Bay County does not have authority to enact an ordinance requiring that all oysters harvested in Bay County waters be processed within that county, nor does it have authority to require that oysters be transported out of the county only in refrigerated containers.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne C. Terry Assistant Attorney General
[1] Subsection (40) of s. 370.16, as amended by Ch. 80-52, was not placed into the statutes by the Division of Statutory Revision since, pursuant to Section 3 of that session law, it does not have statewide applicability, applying only to areas east of the Aucilla River.