549 So.2d 659 (1989)
STATE of Florida, Appellant,
v.
SARASOTA COUNTY, Florida, Appellee.
No. 73912.
Supreme Court of Florida.
September 28, 1989.
Earl Moreland, State Atty., and Henry E. Lee, Chief Asst. State Atty., Sarasota, for appellant.
John L. McWilliams of Freeman, McWilliams & Dame, Jacksonville, and Richard E. Nelson of Helson, Hesse, Cyril, Smith, Widman, Herb, Causey & Dooley, Sarasota, for appellee.
GRIMES, Justice.
Pursuant to article V, section 3(b)(1), Florida Constitution, we review a circuit court order that validated $37,000,000 in *660 bonds proposed for issue by Sarasota County.
The county's proposed bond issue is to be secured by a prior lien upon and pledge of the county gas tax, the voted gas tax, and the local option gas tax. Because no ad valorem tax revenues were pledged, the county was exempt from the constitutional requirement of securing voter approval through a referendum election. Art. VII, § 12(a), Fla. Const.
The issue before us is whether the county was required by its own charter to obtain approval of the bond issue by a referendum. Section 4.3.E of the Sarasota County Charter reads:
Sarasota County, or any subdivisions or instrumentality thereof, shall not issue or cause to be issued any notes, bonds or other instruments of indebtedness out of the tax revenues of the County, unless the principal indebtedness evidenced by said instrument is in an amount less than Ten Million Dollars ($10,000,000) or the issuances approved by a majority vote at a referendum specifically authorizing the issuance of the notes, bonds or other instruments of indebtedness in excess of the Ten Million Dollars ($10,000,000).
(Emphasis supplied.) The county's position was that the gas taxes were not tax revenues of the county and that only ad valorem taxes were covered by the charter. The state asserted that in the absence of voter approval, the bond issue was forbidden by section 4.3.E. The trial court sided with the county, and the state appealed.
Under our constitution, all forms of taxation except ad valorem taxes "are preempted to the state except as provided by general law." Art. VII, § 1(a), Fla. Const. Each of the taxes in question is authorized by state statutes and collected by the Department of Revenue. The "county gas tax" is imposed under section 206.60, Florida Statutes (1987), and distributed to the counties pursuant to a formula. The "voted gas tax" which is authorized by section 336.021, Florida Statutes (1987), is subject to approval by the county commission and by the voters in a county referendum. Section 336.025, Florida Statutes (1987), authorizes the board of county commissioners to approve an "optional gas tax" of up to six cents per gallon. Thus, two of the three taxes are imposed only at the option of the counties.
We cannot avoid the conclusion that these taxes fall within the term "tax revenues of the county." While the taxes are collected by a state agency, they constitute monies received by the county which are spent locally. Moreover, if ad valorem taxes are the only true county taxes, then section 4.3.E is redundant because any bond issue, regardless of size, that is secured by ad valorem tax revenues must be approved by referendum. Art. VII, § 12(a), Fla. Const.
We reject the county's argument that the intention of the drafters of section 4.3.E was that it apply only to ad valorem taxes. The parol evidence presented by the county on the subject cannot alter the fact that section 4.3.E is clear and unambiguous. The fact that the county has consistently interpreted the section to refer only to ad valorem taxes does not mean that the interpretation is correct.
Finally, the county's assertion that the referendum requirement of section 4.3.E conflicts with state law is also unpersuasive. The county argues that section 4.3.E conflicts with sections 206.60 and 336.025, Florida Statutes (1987), which permit counties to pledge county gas tax revenues to the payment of bonds. A charter provision or ordinance of a charter county will be unconstitutional under article VIII, section 1(g), of the Florida Constitution, if it is "inconsistent with general law." We have consistently construed this phrase to mean "contradictory in the sense of legislative provisions which cannot coexist." Laborers' Int'l Union of North America, Local 478 v. Burroughs, 541 So.2d 1160 (Fla. 1989); State ex. rel. Dade County v. Brautigam, 224 So.2d 688, 692 (Fla. 1969). It is clear that section 4.3.E of the Sarasota County Charter can coexist with sections 206.60 and 336.025, Florida Statutes (1987). The charter does not prevent the county from pledging gas tax revenues for bond issues but merely requires voter approval *661 if the bond issue is sufficiently large. Likewise, the statute does not prohibit a county from imposing restrictions upon its own ability to pledge tax revenues.
In short the proposed bond issue is invalid because Sarasota County should have submitted the issue to a referendum, as required by section 4.3.E of the Sarasota County Charter. We reverse the judgment and remand the case with directions to enter judgment for the state.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.