650 So.2d 146 (1995)
CHARLOTTE COUNTY BOARD OF COUNTY COMMISSIONERS, a political Subdivision of the State of Florida, Appellant,
v.
Peter F. TAYLOR, Appellee.
No. 94-00230.
District Court of Appeal of Florida, Second District.
February 3, 1995.
*147 Stephen P. Chinn and Neil R. Shortlidge of Stinson, Mag & Fizzell, P.C., Kansas City, MO; Renee Francis Lee, and Matthew G. Minter, Charlotte County Attys., Port Charlotte, for appellant.
W. Cort Frohlich, W. Kevin Russell, and Joseph G. Cappuccio of Wilkins, Frohlich, Jones, Hevia, Russell & Sutter, P.A., Port Charlotte, for appellee.
SCHOONOVER, Judge.
The appellant, the Charlotte County Board of County Commissioners (the Board), challenges a final summary judgment which held that an amendment to Charlotte County's Home Rule Charter was unconstitutional. We affirm.
Charlotte County is a home rule charter county and has been since January 1, 1986. According to its preamble, the charter was enacted because the citizens of the county believed that decisions affecting local interests should be made locally and in order to allow the county to receive all home rule benefits afforded by the Constitution of the State of Florida. Article VIII, section 1(g), Florida Constitution, provides that counties operating under county charters shall have all powers of local self-government not inconsistent with general law. In this case we must decide if the charter amendment hereinafter discussed is inconsistent with the general law of Florida. If it is, the amendment is unconstitutional and the will of the majority of the electors who voted on the issue cannot be carried out.
At the general election in November of 1992, Charlotte County electors, through the initiative process contained in the charter, approved an amendment to the charter. This amendment, which became effective January 1, 1993, provides:
Limitation on Ad Valorem Taxes. The Board of County Commissioners shall not adopt any millage rate which would result in more than three percent (3%) increase in total revenue generated from ad valorem taxes for any year over the total ad valorem taxes for the previous year; nor shall the Board of County Commissioners fail to reduce the millage rate should such action be necessary to ensure that this three percent (3%) limitation takes effect.
On January 6, 1993, the appellee, Peter F. Taylor, filed a civil action seeking to have the amendment, hereinafter referred to as the tax cap amendment, declared unconstitutional. The appellee's complaint for declaratory judgment alleged that the amendment violated article VIII, section 1(g), Florida Constitution, in that: (a) the exclusive manner for setting countywide millage rates is provided in sections 200.001(1) and 200.065, Florida Statutes (1991), and (b) section 129.01(1), Florida Statutes (1991), requires the county to annually prepare a budget for such as may be required by law or by sound financial practices and generally accepted accounting principles. The budget, which of course *148 must be balanced, controls the levy of taxes and the expenditure of money for all county purposes during the ensuing fiscal year. The appellee alleged that the tax cap amendment and these general laws cannot coexist and, therefore, that the amendment is unconstitutional.
The complaint also alleged that since the amendment places a cap on revenue, it would conceivably bind present and future commissions in the exercise of their prerogative under the state constitution and statutes to levy a millage up to ten mills for all county purposes. Art. VII, § 9(b), Fla. Const.; § 200.071, Fla. Stat. (1991).
The Board, in addition to attacking the appellee's standing to contest the amendment, contended that the amendment was properly enacted and not unconstitutional.
Prior to the conclusion of this action in the trial court, the Board had established a budget and levied ad valorem taxes for the tax year. The millage rate was within the tax cap established by the amendment.
After the appellee's action was at issue, both parties moved for a summary judgment. The trial court granted the appellee's motion and denied appellant's motion. The final summary judgment found that the amendment was in direct conflict with chapters 129 and 200, Florida Statutes (1991) and, therefore, was unconstitutional because it violated article VII, section 9(b) and article VIII, section 1(g), Florida Constitution. This timely appeal followed.
On appeal, the Board first reminds us that all political power is inherent in the people and that we must, if possible, interpret the amendment as constitutional. Miami Dolphins, Ltd. v. Metropolitan Dade County, 394 So.2d 981 (Fla. 1981). We realize, and appreciate, that as President Abraham Lincoln said in his address at Gettysburg that our government is one of the people, by the people, and for the people. We also appreciate that a majority of the people who voted on this amendment in Charlotte County wanted the tax cap amendment. It must also be realized, however, that a majority of the electors of the state wanted the Florida Constitution and that those voting for home rule in Charlotte County adopted a charter which is subject to that constitution.
In its order granting a summary judgment, the trial court found that Mr. Taylor had standing to bring the action against the appellant, and that the tax cap amendment violated article VII, section 9(b) and article VIII, section 1(g).
Although the Board contended, at the trial court level, that the appellee did not have standing to bring this action, it does not challenge the trial court's holding on that point in this appeal. Even though it is not necessary to our holding in this case, we agree with the trial judge that Mr. Taylor had standing to bring his action. Department of Admin. v. Horne, 269 So.2d 659 (Fla. 1972).
As mentioned above, the trial court held that the tax cap amendment violated article VII and article VIII of the constitution. Since we find that the amendment violates article VIII, section 1(g) because it is inconsistent with general law, it is not necessary for this court to determine whether the amendment violates article VII, and we decline to do so. See generally, Department of Education v. Glasser, 622 So.2d 944 (Fla. 1993).
The Board contends that the amendment is not unconstitutional and that the trial court erred in declaring that it was. Although the Board agrees article VIII, section 1(g) of the constitution grants to charter counties only those powers not inconsistent with general law, it contends that the tax cap amendment is not inconsistent with general law. We disagree.
In deciding the constitutionality of a charter amendment to a home rule charter, we must presume that it is constitutional and construe it in harmony with the constitution if it is reasonable to do so. See Glasser. The amendment to the charter is only invalid if it is inconsistent with general law, i.e. contradictory in the sense of legislative provisions which cannot coexist. State v. Sarasota County, 549 So.2d 659 (Fla. 1989). In this case we hold that the tax cap amendment is inconsistent with chapters 129 and 200 because *149 it and the statutes cannot coexist. The amendment is therefore unconstitutional.
Chapter 129 establishes a budget system for each county and sets forth how it shall be prepared, approved, and adopted. The budget controls the levy of taxes and the expenditure of money for all county purposes. § 129.01, Fla. Stat. (1991). Chapter 200 provides for the determination and levy of tax millage. Section 200.001 authorizes several categories of countywide millage rates. Section 200.001(1)(a), Florida Statutes (1991), establishes a category of general county millage and states that this millage rate shall be set by the governing body of the county. The supreme court has held that these statutory provisions are the exclusive manner by which countywide millage rates are to be set. Board of County Comm'rs of Dade County v. Wilson, 386 So.2d 556 (Fla. 1980).
In Wilson, the court considered an initiative ordinance which set a fixed millage rate. The court held that the ordinance directly conflicted with general law because it would set the millage rate through the initiative process rather than by the method established by the governing body. Based upon the supreme court's holding in Wilson, we also find that the tax cap amendment which sets a revenue cap on revenues received from ad valorem taxes is inconsistent with chapters 129 and 200 which set forth the exclusive statutory scheme for establishing the budget and the resulting millage. This statutory scheme requires the county commission, not the electors, to establish a budget and levy ad valorem taxes based upon certain statutory requirements. This must be done whether revenues from ad valorem taxes are increased or decreased by one percent, three percent, or five percent. Wilson. See also Board of County Comm'rs of Marion County v. McKeever, 436 So.2d 299 (Fla. 5th DCA 1983), rev. denied, 446 So.2d 99 (Fla. 1984).
Although we affirm the trial court's holding that the tax cap amendment is unconstitutional under our present constitution, we recognize that the constitution can be amended. Unless and until that happens, the tax millage in Charlotte County must be determined, pursuant to chapters 129 and 200, by the Board of County Commissioners of Charlotte County. The electors have informed the appellant that they do not want taxes raised unnecessarily. If the voters are not satisfied with the commissioners' actions in this regard, they have a remedy through the ballot box at the next popular election.
We affirm.
RYDER, A.C.J., and FULMER, J., concur.