Ms. Karla A. Stetter Pasco County Attorney 7530 Little Road, Suite 340 New Port Richey, Florida 34654
Dear Ms. Stetter:
You have asked for my opinion on substantially the following question:
Is Pasco County authorized by section 381.00655, Florida Statutes, to enforce homeowner hookup to private or investor-owned sewerage systems as mandated by the statute?
In sum:
Section 381.00655, Florida Statutes, does not authorize a county to enforce the requirements of the statute. However, Pasco County may, pursuant to its home rule powers, adopt an ordinance providing for enforcement of the statute by the county.
Section 381.00655, Florida Statutes, provides for connection to central sewerage systems by property owners who currently have onsite sewage treatment and disposal systems. An onsite sewage treatment system would include such things as septic systems. The statute provides that:
The owner of a properly functioning onsite sewage treatment and disposal system, excluding an approved onsite graywater[1] system, must connect the system or the building's plumbing to an available publicly owned or investor-owned sewerage system within 365 days after written notification by the owner of the publicly owned or investor-owned sewerage system that the system is available for connection. The publicly owned or investor-owned sewerage system must notify the owner of the onsite sewage treatment and disposal system of the availability of the central sewerage system. No less than 1 year prior to the date the sewerage system will become available, the publicly owned or investorowned sewerage system shall notify the affected owner of the onsite sewage treatment and disposal system of the anticipated availability of the sewerage system and shall also notify the owner that the owner will be required to connect to the sewerage system within 1 year of the actual availability. The owner shall have the option of prepaying the amortized value of required connection charges in equal monthly installments over a period not to exceed 2 years from the date of the initial notification of anticipated availability. . . . Nothing in this paragraph limits the power of a municipality or county to enforce other laws for the protection of the public health and safety.[2]
The statute also provides that the owner of an onsite sewage treatment and disposal system that must be repaired in order to function properly must connect to an available sewerage system within 90 days.
Although the statute requires sewer hookup and makes provision for payment of hookup fees,[3] there are no statutorily prescribed penalties for failure to connect to the system within the designated time period nor is enforcement authority specifically granted to any agency or entity by section 381.00655, Florida Statutes.[4]
However, administrative rules of the Department of Health and Rehabilitative Services provide that the department may apply for an injunction restraining any person from violating or continuing to violate the provisions of Chapter 381, Florida Statutes, and authorize the department to impose administrative fines for violations of section 381.00655. Rule 10D-6.060(2)(b), Florida Administrative Code, provides that:
In addition to any administrative action authorized by Chapter 120, F.S., or by other law, the department shall impose an administrative fine, which shall not exceed $500 for each violation, . . . for violation of sections 381.0065 — 381.0066, . . . F.S., or any rule adopted thereunder. Notice of intent to impose such a fine shall be given by the department to the alleged violator. Each day a violation continues shall constitute a separate violation.
Thus, the Department of Health and Rehabilitative Services is charged with administrative enforcement of the provisions of section 381.00655, Florida Statutes.
Section 125.01(1)(k)1., Florida Statutes, authorizes noncharter counties to "[p]rovide and regulate waste and sewage collection and disposal, water and alternative water supplies, . . . and conservation programs." Pasco County, as a noncharter county, has "such power of self-government as is provided by general or special law" under Article VIII, section 1(f), Florida Constitution. Therefore, the county may enact "county ordinances not inconsistent with general or special law."[5] In Speer v. Olson,[6] the Florida Supreme Court has, in considering the powers of noncharter counties in light of section 125.01, Florida Statutes,[7] stated:
The first sentence of Section 125.01(1), Florida Statutes, (1975), grants to the governing body of a county the full power to carry on county government. Unless the Legislature has pre-empted a particular subject relating to county government by either general or special law, the county governing body, by reason of this sentence, has full authority to act through the exercise of home rule power.[8]
While nothing in section 381.00655, Florida Statutes, specifically authorizes Pasco County to enforce the provisions of the statute, the county is not foreclosed from taking local legislative action providing for enforcement of section 381.00655, Florida Statutes. The statute itself clearly recognizes the authority of counties and municipalities to "enforce other laws for the protection of the public health and safety."
The provisions of section 381.00655, Florida Statutes, do not vest exclusive enforcement authority for that statute in the Department of Health and Rehabilitative Services and, in the absence of such a preemption of this area, it would be an appropriate subject for county regulation. Thus, Pasco County may wish to consider adopting a county ordinance authorizing the county to enforce sewage system hookup as required by section 381.00655, Florida Statutes.[9]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] "Graywater" is defined in s. 381.0065(2)(d), Fla. Stat. (1995), as "that part of domestic sewage that is not blackwater, including waste from the bath, lavatory, laundry, and sink, except kitchen sink waste."
[2] Section 381.00655(1)(a), Fla. Stat. (1995).
[3] See, id., authorizing the prepayment of the amortized value of required connection charges over a period of 2 years, and s.381.00655(2)(a), Fla. Stat. (1995), authorizing the local governing body of the jurisdiction to provide that connection fees may be paid without interest in monthly installments over a 5 year period.
[4] Compare, s. 381.0065(5), Fla. Stat. (1995), providing that personnel of the Department of Health and Rehabilitative Services may enter premises which are under permit for onsite sewage treatment and disposal systems in order to determine compliance with the provisions of applicable statutes and providing that the department may issue citations ordering correction or payment of a fine for violations of these statutes; and making violations of these statutes a second degree misdemeanor.
[5] Article VIII, s. 1(f), Fla. Const. 
[6] 367 So.2d 207 (Fla. 1978).
[7] Section 125.01, Fla. Stat. (1995), provides that "[t]he legislative and governing body of a county shall have the power to carry on county government. To the extent not inconsistent with general or special law, this power includes, but is not restricted to, the power to [proceed as described therein]."
[8] 367 So.2d at 211. And see, Board of County Commissioners of Marion County v. McKeever, 436 So.2d 299 (Fla. 5th DCA 1983) (noncharter county had such power of self-government as was provided by general or special law and could enact county ordinances not inconsistent with general or special law).
[9] And see, Ch. 86, Fla. Stat. (1995), which would authorize the county to bring a declaratory judgment action to establish the rights of the county to enforce s. 381.00655, Fla. Stat. (1995).