775 So.2d 317 (2000)
PINELLAS COUNTY, Karleen F. DeBlaker, as Clerk of the Circuit Court, W. Fred Petty, as Tax Collector, Everett S. Rice, as Sheriff, Dorothy W. Ruggles, as Supervisor of Elections, Jim Smith, as Property Appraiser, and Clair Johnson, Appellants,
v.
EIGHT IS ENOUGH IN PINELLAS, a Political Committee, Appellee.
Nos. 2D99-836, 2D99-846.
District Court of Appeal of Florida, Second District.
May 19, 2000.
Rehearing Denied August 8, 2000.
*318 Kenza van Assenderp of Young, van Assenderp & Varnadoe, Tallahassee; and Susan Churuti, County Attorney, and Sarah Richardson, Senior Assistant County Attorney, Clearwater, for Appellants Pinellas County, DeBlaker, Petty, Rice, Ruggles and Smith.
Marion Hale of Johnson, Blakley, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, for Appellant Johnson. Michael S. Hooker and Guy P. McConnell of Glenn Rasmussen & Fogarty, P.A., Tampa, for Appellee.
BLUE, Acting Chief Judge.
This case asks us to review trial court orders that uphold the validity of two citizens' ballot initiatives that amended the Pinellas County Charter to add term limits. The appellants, collectively referred to hereinafter as the "County," argue that term limits cannot be added to the charter by ballot initiative; rather, the County argues, this type of change must be proposed by the Florida Legislature as an amendment to the special law that initially created the charter. Because the trial court properly found there were no constitutional or statutory bars to these initiatives, and the Pinellas County Charter empowered the electors to amend the charter as occurred here, we affirm. Our analysis has focused on whether the ballot initiatives were precluded by or conflicted with the charter, the general laws of Florida, or the Florida Constitution.
The Pinellas County Charter was proposed by a special act of the legislature, see Ch. 80-590, Laws of Fla., and was approved by the voters in a referendum.[1] Section 2.01 of the charter states that Pinellas County has all powers of local self-government that are not inconsistent with *319 general law, with special law approved by the electors, or with the charter itself. The ballot initiatives limit the amount of time a public official may hold office to eight consecutive years or the equivalent of two terms. One initiative applies to members of the Pinellas County Board of County Commissioners; the other, to all constitutional officers in Pinellas County.[2]
The County argues that the charter differs from the normal home rule charter. It contends that Pinellas County has a "limited" home rule charter, proposed by special law, and it cannot be amended on this subject without authorization of the legislature. We find no basis in the law for a classification of "limited" home rule charters. Instead, the language of the charter itself must first be reviewed to determine what limits, if any, are set forth therein. Looking to the charter, we find nothing in the amendment provisions that would require legislative action to propose charter amendments on some issues but not others. Article VI provides three methods to propose charter amendments: by the board of county commissioners; by charter initiative; and by proposals from a charter review commission. The County admits that the charter has been amended in the past without legislative participation but argues that those amendments were ministerial in nature. In this case, the ballot initiatives were proposed and passed in accordance with the provisions for charter initiative in section 6.02. This section does not limit the topics that may be addressed by charter initiative. Had the legislature wished to reserve for itself the power to propose charter amendments on certain subjects, it could have drafted article VI to accomplish this purpose. Amendment provisions should be liberally construed to effectuate their purpose. See Scott v. City of Orlando, 173 So.2d 501 (Fla. 2d DCA 1965) (summarizing discussions of initiative and referendum power). Finding no bar in the charter provisions governing the methods of amendment, we look next to other provisions of the charter.
The County contends that the charter itself precludes the amendments at issue. Sections 2.06 and 4.03 of the charter state that neither the county nor the charter may change the "status, duties or responsibilities of the county officers specified in section 1(d), art. VIII of the state constitution."[3] Thus, the charter does prohibit certain amendments. Term limits, however, do not affect the status, *320 duties or responsibilities of a county officer, only the total length of time in which the officer could maintain status or perform duties and responsibilities. As to the county commissioners, section 3.01 of the charter requires that the "composition, election, term of office and compensation of members" be in accordance with general law. The "term of office" for a county commissioner is four years. See art. VIII, § 1(e), Fla. Const.; § 124.011(2), Fla. Stat. (1995). We conclude, as did the trial court, that the length of time a county commissioner may remain in the position is subject to the amendment process. Term of office, which we agree is not subject to amendment, is different than the length of allowable service or the total number of terms "in office." The amendments in this case limited the terms in office but did not affect the term of office. See Advisory Op. to Attorney Gen.-Ltd. Political Terms in Certain Elective Offices, 592 So.2d 225, 228 (Fla.1991) (classifying term limits as a qualification for holding office). Accordingly, we hold that the term limit amendments were permissible under the charter.
Turning from the charter language to general law, article VIII, section 1(g), Florida Constitution, provides in part:
(g) CHARTER GOVERNMENT. Counties operating under county charters shall have all powers of local selfgovernment not inconsistent with general law, or special law approved by vote of the electors.
The supreme court has construed the phrase "not inconsistent with general law" to mean "contradictory in the sense of legislative provisions which cannot coexist." State v. Sarasota County, 549 So.2d 659, 660 (Fla.1989) (citations omitted). There are no provisions in the Florida statutes or the Florida Constitution prohibiting charter counties from establishing local term limits; therefore, the amendments at issue are not inconsistent with general law.
Because we conclude the amendments to the Pinellas County Charter resulting from the citizens' ballot initiatives were not in conflict with the charter, the general laws of Florida, or the Florida Constitution, we affirm.
FULMER and DAVIS, JJ., Concur.
NOTES
[1] Article VIII, section 1(c), Florida Constitution, states:

GOVERNMENT. Pursuant to general or special law, a county government may be established by charter which shall be adopted, amended or repealed only upon vote of the electors of the county in a special election called for that purpose.
[2] The ballot initiatives proposed the underlined language as additions to the sections set forth below:

Sec. 3.01. Board of county commissioners.
The legislative body of county government shall be the board of county commissioners in accordance with general law. The composition, election, term of office and compensation of members shall all be in accordance with general law except that no person may appear on the ballot for reelection to the office of county commissioner if, by the end of the current term of office, the person will have served (or, but for resignation, would have served) in that office for eight consecutive years. Sec. 4.03. County officers.
This document [Charter] shall in no manner change the status, duties, or responsibilities of the [following] county officers of Pinellas County: The clerk of the circuit court, property appraiser, tax collector, sheriff, and supervisor of elections except that no person may appear on the ballot for re-election to the office of clerk of the court, property appraiser, tax collector, sheriff, or supervisor of elections if, by the end of the current term of office, the person will have served (or, but for resignation, would have served) in that office for eight consecutive years.
[3] Article VIII, section 1(d), provides in part:

COUNTY OFFICERS. There shall be elected by the electors of each county, for terms of four years, a sheriff, a tax collector, a property appraiser, a supervisor of elections, and a clerk of the circuit court; except, when provided by county charter or special law approved by vote of the electors of the county, any county officer may be chosen in another manner therein specified, or any county office may be abolished when all the duties of the office prescribed by general law are transferred to another office.