Mr. Frank Kruppenbacher Orange County School Board Attorney Post Office Box 271 Orlando, Florida 32802-0271
Dear Mr. Kruppenbacher:
On behalf of the Orange County School Board, you ask substantially the following question:
May the Orange County School Board make the imposition of the School Capital Outlay Surtax for a term of years contingent upon imposition of a cap on the discretionary capital millage?
In sum:
The Orange County School Board may not make the imposition of the School Capital Outlay Surtax for a term of years contingent upon a cap being imposed on the discretionary capital millage.
According to your letter, due to the rapid school age population growth in Orange County and the need for additional school facilities, the Orange County School Board is interested in levying the School Capital Outlay Surtax authorized in section 212.055(6), Florida Statutes. The surtax must be approved by the electors of the school district. The school board is considering conditioning the imposition of the surtax on the adoption of a certain millage rate by a future school board in its capital budget.
Article VII, section 9(a), Florida Constitution, provides that "[c]ounties, school districts, and municipalities shall . . . be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution."
The exercise of the power of taxation, therefore, results from a constitutional authorization to school boards, implemented by statute, rather than the exercise of home rule powers pursuant to section 230.03(2), Florida Statutes.[1] Section 212.055(6), Florida Statutes, authorizes the school board of each county to levy a discretionary sales surtax at a rate not to exceed 0.5 percent. The levy must be made pursuant to a school board resolution that is conditioned to take effect only upon approval by a majority vote of those county electors who vote in a referendum on the matter. The resolution providing for the surtax must "set forth a plan for use of the surtax proceeds for fixed capital expenditures or fixed capital costs associated with the construction, reconstruction, or improvement of school facilities and campuses which have a useful life expectancy of 5 or more years, and any land acquisition, land improvement, design, and engineering costs related thereto. . . ."[2]
Neither the proceeds of the surtax nor any accrued interest may be used for operational expenses.
Nothing in section 212.055(6), Florida Statutes, provides for the school board to make the imposition of the School Capital Outlay Surtax contingent on the school board capping its discretionary capital millage[3] nor is there authority to alter the manner in which the imposition of the surtax will be presented to the voters. Section 212.055(6)(b), Florida Statutes, states:
"The resolution shall include a statement that provides a brief and general description of the school capital outlay projects to be funded by the surtax. If applicable, the resolution must state that the district school board has been recognized by the State Board of Education as having a Florida Frugal Schools Program. The statement shall conform to the requirements of s. 101.161 and shall be placed on the ballot by the governing body of the county. The following question shall be placed on the ballot:
_______ FOR THE ______CENTS TAX
_______ AGAINST THE ______CENTS TAX"
A legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.[4]
Moreover, I would note that the courts of this state have previously struck down attempts by a county to impose a tax cap as inconsistent with the general laws providing for the establishment of a county budget and imposition of ad valorem taxes contained in Chapters 129 and 200, Florida Statutes.
For example, in Board of County Commissioners of Marion County v.McKeever County,[5] the Fifth District Court of Appeal concluded that a county ordinance imposing a millage cap on ad valorem taxes for a period of up to ten years unconstitutionally conflicted with the statutory scheme set forth in Chapters 129 and 200, Florida Statutes, regarding the formation of county budgets and the determination of ad valorem tax millages.
The court noted that Chapter 129, Florida Statutes, establishes a budget system for county government and mandates that the board of county commissioners prepare, approve, adopt and execute an annual budget for such funds as may be required by law or by sound financial practices and generally accepted accounting principles. As noted above, this budget controls "the levy of taxes and the expenditure of money for all county purposes during the ensuing fiscal year."[6] Chapter 200, Florida Statutes, entitled "Determination of Millage," imposes on the county commission the responsibility to determine the amount to be raised for all county purposes and the rates to be levied for each fund.[7] TheMcKeever court concluded that a cap impermissibly conflicted with the scheme established in Chapters 129 and 200 requiring the county commission to make such determinations.
The McKeever court relied on the Supreme Court of Florida's decision inBoard of County Commissioners of Dade County v. Wilson.[8] In that decision, the Supreme Court held that a proposed ordinance to set the millage rate through an initiative petition process was unconstitutional because it conflicted with section 200.191 (now section 200.001),[9]
Florida Statutes, which provided the exclusive manner for setting countywide millage rates.
In Charlotte County Board of County Commissioners v. Taylor,[10] the Second District Court of Appeal struck down as unconstitutional a tax cap amendment to the county charter setting a revenue cap on revenues received from ad valorem taxes. The court concluded that the amendment was inconsistent with general laws that required the county commission, not electors, to establish a budget and levy ad valorem taxes based upon certain statutory criteria. The court stated:
"Chapter 129 establishes a budget system for each county and sets forth how it shall be prepared, approved, and adopted. The budget controls the levy of taxes and the expenditure of money for all county purposes. §129.01, Fla. Stat. (1991). Chapter 200 provides for the determination and levy of tax millage. Section 200.001 authorizes several categories of countywide millage rates. Section 200.001(1)(a), Florida Statutes (1991), establishes a category of general county millage and states that this millage rate shall be set by the governing body of the county. The supreme court has held that these statutory provisions are the exclusive manner by which countywide millage rates are to be set. Board of County Comm'rs of Dade County v. Wilson, 386 So.2d 556 (Fla. 1980).
* * *
[T]he tax millage in Charlotte County must be determined, pursuant to chapters 129 and 200, by the Board of County Commissioners of Charlotte County. The electors have informed the appellant that they do not want taxes raised unnecessarily. If the voters are not satisfied with the commissioners' actions in this regard, they have a remedy through the ballot box at the next popular election."[11]
The cases discussed above recognize that the Legislature has specified the manner in which county budgets are to be established and provides the exclusive manner by which county-wide millage rates are to be set.
Similarly, Chapter 237, Florida Statutes, establishes a budget system for district school boards and requires a school board to prepare, adopt and execute an annual budget. Section 237.091, Florida Statutes, requires the school board, upon receipt of the certificate of the property appraiser giving the assessed valuation of the county and of each of the special tax school districts pursuant to section 200.065, to determine by resolution the amounts necessary to be raised for current operating purposes and for each district bond interest and sinking fund and the millage necessary to be levied for each such fund, including the voted millage. Chapter 200, Florida Statutes, also imposes on the school board the responsibility to determine the rate of taxation to be levied for school purposes.[12]
Nothing in Chapter 237 or Chapter 200, Florida Statutes, authorizes the school board to alter this process by restricting the power of future school boards to adopt millage rates within the amounts permitted by law. Nor does section 236.25, Florida Statutes, grant the school board such authority. To impose such a cap would appear to be contrary to the scheme established by the Legislature in Chapters 236, 237 and 200, Florida Statutes, which place the discretion and decision-making authority in the district school board to annually adopt a budget and set millage rates to fund such a budget.
Accordingly, I am of the opinion that the Orange County School Board may not make the imposition of the School Capital Outlay Surtax for a term of years contingent upon a cap being imposed on the discretionary capital millage.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 230.03(2), Fla. Stat., stating that district school boards shall operate, control, and supervise all free public schools in their districts and "may exercise any power except as expressly prohibited by the State Constitution or general law." Cf., Ops. Att'y Gen. Fla. 80-87 (1980) (origin of the municipal taxing power and the limitations on its exercise are found in ss. 1[a] and 9[a], Art. VII, Fla. Const., and such laws as may be enacted by the Legislature); 79-26 (1979) (municipality has no Home Rule Powers with respect to the levy of excise or non-ad valorem taxes and exemptions therefrom).
[2] Section 212.055(6)(c), Fla. Stat.
[3] See, s. 236.25(2), Fla. Stat., authorizing a school board, in addition to the maximum millage levy as provided in s. 236.25(1), Fla. Stat., to levy not more than 2 mills against the taxable value for school purposes to fund the types of projects set forth therein.
[4] See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Dobbs v.Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Thayer v. State,335 So.2d 815, 817 (Fla. 1976).
[5] 436 So.2d 299 (Fla. 5th DCA 1983), pet. for rev. den., 446 So.2d 99
(Fla. 1984).
[6] Section 129.01(1), Fla. Stat.
[7] Section 200.011, Fla. Stat.
[8] 386 So.2d 556 (Fla. 1980).
[9] Chapter 82-154, Laws of Florida, amended and transferred s. 200.191 to s. 200.001, Fla. Stat.
[10] 650 So.2d 146 (Fla. 2d DCA 1995).
[11] Id. at 149.
[12] See, s. 200.011, Fla. Stat., entitled "Duty of county commissioners and school board in setting rate of taxation."